IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GARY L. AARON, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 00-315C
(Senior Judge Bruggink)

DEFENDANT'S MOTION TO DISMISS PLAINTIFF LLOYD L. WILSON

Defendant, the United States, respectfully requests pursuant to Rule 25(a)(1) of the rules of the Court of Federal Claims ("RCFC"), that the Court dismiss the complaint of plaintiff Lloyd L. Wilson.[1] On April 6, 2006, defendant, the United States, filed a suggestion of death regarding Lloyd L. Wilson. App. 1.[2] There, defendant stated that on March 20, 2006, plaintiffs' counsel informed defendant that Mr. Wilson died on September 15, 2005. Mr. Wilson had been employed by the Bureau of Prisons ("BOP") and retired in April 2001. App. 3. We also note that,

[1] RCFC 25(a)(1) states as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party, and shall be served as provided in RCFC 5. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

[2] "App." refers to the appendix attached to this motion.

according to Mr. Wilson's response to defendant's request for admissions, "there were no written order or approvals directing [him] to work overtime." App. 3.

An action cannot be maintained by a deceased person. Aldridge v. United States, 59 Fed. Cl. 616, 618 (2003)("a deceased individual is not a proper party), and cases cited therein. RCFC 25(a)(1) states, in relevant part: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party...." RCFC 25(a).

Further, RCRC 25 directs that any motion to substitute be made within 90 days after the suggestion on the record of the decedent's death. Acebal v. United States, 60 Fed. Cl. 551, 554 (2004); see also Grass Valley Terrace v. United States, 69 Fed. Cl. 506, 508 n.3 (2006); Snyder v. Secretary of Health and Human Services, 69 Fed. Cl. 390, 392 (2006). As this Court has held, the plain language of Rule 25 directs in paragraph (a)(1) that the motion for substitution must be made within 90 days: "unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased

party." Acebal, 60 Fed. Cl. at 554; see also Grass Valley Terrace, 69 Fed. Cl. at 508 n.3; Snyder, 69 Fed. Cl. at 392.

On April 6, 2006, defendant filed a notice of suggestion of the death of Mr. Wilson, after being notified by plaintiffs' counsel that Mr. Wilson had died on September 15, 2005. App. 1. Subsequently, defendant's counsel also asked plaintiffs' counsel whether he would stipulate to the dismissal of Mr. Wilson, and plaintiffs' counsel then indicated that he did not know whether or not he would stipulate to his dismissal. Plaintiffs' counsel has not taken action to preserve the decedent's claim, or filed a timely motion to substitute.

The 90-day period for filing a motion to substitute allowed in RCFC 25(a)(1) has long expired. Accordingly, the Court should dismiss the complaint of Lloyd L. Wilson, as directed by RCFC 25(a)(1), and direct the Clerk to enter a final judgment pursuant to RCFC 54(b) as to Mr. Wilson. Steffey v. Orman, 461 F.3d 1218, 1221 n.2 (10th Cir. 2006)(dismissing deceased party where a motion to substitute was not filed within 90 days); Russell v. City of Milwaukee, 338 F.3d 662 (7th Cir. 2003)(dismissing complaint where a motion to substitute was not filed within 90 days); Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467 (2d Cir. 1998)(dismissing complaint where a motion to substitute was not filed within 90 days).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
~~Tele: (202) 307-0290~~
Attorneys for Defendant

Of Counsel:
NICOLE HEISER
ERIKA TURNER
Assistant General Counsels
Bureau of Prisons

October 12, 2006

Table Of Contents Of Appendix

| | Pages |
|---|---|
| 1. Suggestion of Death for Lloyd L. Wilson | 1 |
| 2. Mr. Wilson's response to Defendant's Request for Admission | 3 |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GARY L. AARON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 00-315C |
| | ) | (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

SUGGESTION OF DEATH OF ONE PLAINTIFF

Defendant was informed by plaintiffs' counsel on March 20, 2006, that Lloyd L. Wilson, a plaintiff in this case, died on September 15, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

April 6, 2006

CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on this 6th day of April, 2006, I caused to be placed in the United States mail (first-class mail, postage paid) the foregoing "SUGGESTION OF DEATH OF ONE PLAINTIFF" addressed as follows:

Alan Banov
Alan Banov & Associates
1819 L Street N.W., Suite 700
Washington, D.C. 20036-3830

During the period May 25, 1994 to April 2001 (date of retirement) as Case Management Coordinator, I was to be on my job site at 7:00 am, therefore I had to come in approximately 15 minutes early to pick up my keys and to read the Lieutenant's log on a daily basis prior to being at the job site. Also, at the end of each day upon returning my keys to the Control Center at 4:00 pm I stood in the line for approximately 10 minutes.

From approximately Jan. 2000 to Oct. 2000 I was Acting Unit Manager in the Drug Abuse Unit and Case Management Coordinator. During this time I was required to come to work 30 minutes early to read the Lieutenant's log and the Unit log prior to being at my job site at 7:00 am. This can be verified through my verifying with my intials the date and time in the Lieutenant's log and the Unit logs were initialed.

As Case Management Coordinator, per policy, I was to review the Lieutenant's log on a daily basis. This required me to come in approximately 15 to 20 minutes early to pick up my keys and review the Lieutenant's Log.

REQUEST FOR PRODUCTION #1

No written order or approvals directing me to work overtime. It was verbal direction from the AWP's. Therefore, the minutes of overtime worked from May 25, 1994 to April 2001 were approximatly 38,538 minutes.

All of the above can be verified through the Lieutenant's log books and the Unit log books from May 25, 1994 to April 2001.

I, Lloyd Wilson affirm that the answers I have provided are to the best of my recollection true and correct as of Oct. 2, 2004.

Lloyd L. Wilson [signature]
Lloyd L. Wilson

October 2, 2004
Date

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GARY L. AARON, et al., )
DARYL A. AABERG, et al., )
CHARLES CARLSEN, JR., et al., )
JOSE L. ACEBAL, et al., )
FRIEDA ADKINS, et al., )
BUDDY J. ADELSBERGER, et al., )
ANGIE CRUZ ALDRIDGE, et al., )
MICHAEL ATTY, et al., )
JANINE A. BANKS, et al., )
DENNIS AVRIPAS, et. al., )
ROBERT R. BAMMANN, et. al. )
)
Plaintiffs, )
)
v. ) No. 00-315C, 00-454C, 00-617C,
) 01-47C, 01-313C, 01-314C,
) 01-480C, 02-35C, 03-446C
) 03-2363C, 04-1134C
THE UNITED STATES, ) (Senior Judge Bruggink)
)
Defendant. )

DEFENDANT'S REQUEST FOR ADMISSION AND INTERROGATORY AND DOCUMENT PRODUCTION REQUEST TO PLAINTIFF LLOYD L. WILSON

Pursuant to Rule 33 and 36 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant propounds the following request for admission, and interrogatory to plaintiff LLOYD L. WILSON, which LLOYD L. WILSON is required to answer separately and fully under oath within 30 days after service. In addition, pursuant to RCFC 34, defendant requests that the documents identified below be produced within 30 days after service. In responding to these request for admission, interrogatory and document production request, furnish all information available to plaintiff, including information in the possession of persons acting on plaintiff's behalf (including all agents, accountants, representatives, attorneys, investigators, etc.) not merely information within the personal knowledge of the person(s)

responding to these interrogatories and document production requests. If plaintiff cannot answer the following interrogatory after exercising due diligence to secure the information, so state and answer to the fullest extent possible, specifying the basis for plaintiff's inability to answer the remainder and stating whatever information or knowledge plaintiff has concerning the unanswered portion.

DEFINITIONS AND INSTRUCTIONS

A. The term "document" is used here in its customary and broadest sense to include without limitation the following items, to the extent they are in the custody or control of, or known to, plaintiff or his or her counsel, whether such items are printed, typed, handwritten, recorded, microfilmed or otherwise formatted, and whether or not claimed to be privileged or confidential: letters; memoranda; reports; agreements; working papers; communications; paystubs; wage/earnings statements; personnel papers; correspondence; diaries; forecasts; statistical data; graphs; charts; plans; drawings; records of conversations or conferences; lists of persons attending conversations or conferences; opinions of counsel; interviews; and investigations.

B. The terms "person" and "individual" are defined in their broadest sense and include all natural persons, business entities and governmental bodies.

C. The terms "you" and "plaintiff" mean each of the separately named plaintiffs identified in this discovery request, as well as in the Complaints and Amended Complaints in this proceeding, and, unless otherwise stated, includes all present and past agents or representatives of each plaintiff who have any personal knowledge that would affect the completeness and accuracy of responses made to this request.

D. The term "Complaint" means the complaints and amended complaints filed by plaintiffs in these actions.

E. The term "communications" means the expression of any statement, question, command, idea, knowledge, information, or other matter, whether by speech, writing, signs, or otherwise.

F. The terms "identify" or "identification" mean to furnish the following information, to the extent it is within plaintiff's knowledge or could be obtained through reasonable diligence:

(1) in reference to a natural person or individual: state his full name, business and residential addresses and telephone numbers, position(s) and business affiliation(s) at all times relevant to the interrogatory involved;

(2) in reference to a person other than a natural person or individual: state its full name, the nature of its business, its headquarters address, its place(s) of business now and at all relevant times, and its customary business description (e.g., corporation, trust, etc.);

(3) in reference to a document: indicate its author, its addressee(s), the date shown on the document as the date thereof, or the date upon which the document was written or executed if no date is shown upon it, the type of document (e.g., letter, handwritten notes, etc.), a summary of its contents, the number of pages, any title and identifying number, the present location and custodian of the original (or, if unknown, of any copy) thereof, and current address of each such custodian. Note: If any responsive document was, but no longer is, in any plaintiff's custody or control, state with particularity the manner and date of, and reason for, the document's disposition;

(4) in reference to a telephone conversation: indicate the caller, recipient and any other parties to the conversation, the date and time of the conversation, the location of each party to the conversation, and the substance, author and addressee of each remark made during the conversation;

(5) in reference to a communication: state the nature of the communication (e.g., letter, telephone call, meeting), indicate all persons party to the communication, indicate the place, date and method of communication, state the substance, author and addressee of each remark, and, to the extent the communication was written, disclose all pertinent documents;

(6) in reference to days/dates and times-of-day: state the day of the week (e.g., "Sunday"), the calendar date (e.g., "June 30, 1981"), and the particular hours (e.g., "5-9 p.m.") during which the event at issue (e.g., overtime work) occurred.

G. The term "BOP" means the Bureau of Prisons of the United States Department of Justice.

H. Unless otherwise specifically stated, the term "or" includes "and/or"; the term "his" includes "her"; and the singular includes the plural.

I. In responding to these requests, each plaintiff is required to produce all relevant information and documents in his possession, custody or control, or otherwise available to his agents, employees, representatives and attorneys, whether past or present. Further, each plaintiff shall produce all documents that respond, in whole or part, to any interrogatory, and such documents shall be produced in their entirety (including all attachments, enclosures, drafts, marked-up versions, preliminary versions, or other nonidentical copies) in a manner clearly identifying the interrogatory to which they relate.

J. If any document is withheld under a claim of privilege, for each such document, plaintiffs shall identify the following:

(1) Principals. The name and title of the author(s), sender(s), addressee(s) and recipient(s) of the document.

(2) Date. The date the document was originated.

(3) Disclosure. The date and title of each person to whom the contents of the document have been disclosed (whether by copy, exhibition, reading, summarization, or otherwise).

(4) Description. A description, with particularity, of the nature and subject matter of the document.

(5) Privilege. A statement, with particularity, of the privilege and the basis upon which it is asserted.

Note: Notwithstanding a claim that a document is privileged, any document so withheld shall be produced with the portion claimed to be protected redacted or excised.

K. If you are unable to produce any document requested, state the reason you are unable to produce the document and identify the document with particularity.

L. This discovery request is continuing in nature, and plaintiff shall immediately provide through supplemental replies whatever information may hereafter become known to him or her that is responsive to this interrogatory and document request.

Request For Admission No. 1. Admit that, during the period May 25, 1994 to the present, LLOYD L. WILSON was not ordered or approved in writing to work overtime for BOP, without receiving either compensatory time or overtime pay for such overtime work.

ANSWER:

Interrogatory No. 1. If your response to the preceding request for admission is anything other than an unqualified admission, set forth in detail, for each and every instance during the period May 25, 1994 to the present, when you were ordered or approved in writing to work overtime:

(a) the date that you were ordered or approved in writing to work overtime;

(b) the date and time that you worked the overtime, the amount (minutes or hours) of such overtime, and the nature of the overtime work performed;

(c) the name and position of the official or employee who ordered in writing that you work the overtime work; and

(d) the terms of the written order or approval directing you to work the overtime, or produce a copy of the written order or approval.

ANSWER:

Request For Production No. 1. For the period May 25, 1994 to the present, produce a copy of each and every written order or approval directing you to work overtime for which you did not receive either compensatory time or overtime pay.

ANSWER:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

Of Counsel
NICOLE HOGAN
Bureau of Prisons
August 13, 2004

CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on this 13th day of August, 2004, I caused to be delivered by hand the foregoing "DEFENDANT'S REQUEST FOR ADMISSION, INTERROGATORY AND DOCUMENT PRODUCTION REQUEST TO PLAINTIFF LLOYD L. WILSON" addressed as follows:

Alan Banov
Alan Banov and Associates
1819 L Street, N.W., Suite 700
Washington, D.C. 20036